1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

                            Plaintiff,

            v.

LT. GREY, *et al*.,

                            Defendants.

Case No.  C07-5108FDB-KLS

REPORT AND
RECOMMENDATION

Noted for October 5, 2007

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #24).  Having reviewed defendants' motion, plaintiff's response thereto (Dkt. #26), defendants' reply thereto (Dkt. #25), and the remaining record, the undersigned submits the following report and recommendation for the Honorable Franklin D. Burgess' review.

FACTUAL AND PROCEDURAL BACKGROUND

This case involves a civil rights action under 42 U.S.C. § 1983, in which plaintiff alleges his due process rights were violated as the result of an improperly conducted administrative serious infractions hearing process. (Dkt. #8).  Plaintiff seeks declaratory, monetary and injunctive relief. Id.  As noted above, plaintiff has filed a response to defendants' motion, and defendants have replied thereto. Accordingly, defendants' motion to dismiss is now ripe for consideration.

1

<u>DISCUSSION</u>

2   The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the

3   complaint. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations

4   contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the

5   light most favorable" to the plaintiff. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Lee</u>, 250 F.3d at

6   688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears

7   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

8   relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

9   Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory

10  or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police</u>

11  <u>Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by

12  facts" are not sufficient to state a claim under 42 U.S.C. § 1983. <u>Jones v. Community Development</u>

13  <u>Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984); <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Thus,

14  even though the Court is to construe the complaint liberally, such construction "may not supply essential

15  elements of the claim that were not initially pled." <u>Pena</u>, 976 F.2d at 471.

16  In his complaint, plaintiff alleges his Fourteenth Amendment due process rights were violated due

17  to an improperly conducted administrative serious infractions hearing process, which he claims resulted

18  in wrongful punishment, including, among other things, the loss of good time credits. (Dkt. #8,

19  Attachment B-1through B-3). Plaintiff further alleges that on May 23, 2005, "a state court entered a final

20  judgment in a habeas corpus action restoring Plaintiff's good time and expunging the serious infractions."

21  (Dkt. #8, Attachment B-2). In their motion to dismiss, defendants argue plaintiff's complaint should be

22  dismissed because his claims are barred by the statute of limitations.

23  Specifically, defendants assert that plaintiff's cause of action accrued on July 7, 2003, when a state

24  court granted him a default judgment in a state *habeas corpus* proceeding, and that more than three years

25  had passed between the time that judgment was entered and the filing of the present complaint in this

26  Court on March 6, 2007.[1] (Dkt. #24, p. 3). They argue that because the statute of limitations for a federal

27  _____

28      [1]The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, "[t]he statute of limitations for section 1983 actions is determined by state law." <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995). In addition, "[s]ection 1983 actions are characterized as personal injury actions for statute of limitations purposes." <u>Id.</u> Usually this is a state's personal

1    claim begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the

2    action," and because plaintiff first knew of the injury to him when the state court's default judgment was

3    entered on July 7, 2003, he is now barred by the statute of limitations. Id. (quoting Trotter v. International

4    Longshoremen's & Warehousemen's Union, 704 F.2d 1141, 1143 (9th Cir. 1986)).

5        Plaintiff argues in his response that the July 7, 2003 state court default judgment defendants refer

6    to was merely an "Order of Default," which, he claims, is not a "judgment" for the purpose of

7    determining when the statute of limitations begins to run, and therefore that the final default judgment did

8    not actually occur until such judgment was entered on May 23, 2005. (Dkt. #26, p. 2).  Thus, he asserts,

9    his civil rights action was filed well before the three-year statute of limitations ran its course.

10       Defendants counter that there is no requirement that a final state court judgment be entered before

11   a civil rights action may be filed in this Court.  They argue that plaintiff's federal civil rights claim arose

12   when the challenged action was "invalidated," and that the May 23, 2005 order merely related to costs

13   and expenses, which were "purely ancillary and did go to the underlying merits of the claim." (Dkt. #24,

14   p. 4 (citing Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), and Bagley v. CMC Real Estate Corp., 923

15   F.2d 758 (9th Cir. 1991)); (Dkt. #25, pp. 2-3 (quoting Heck v. Humphrey, 512 U.S. 477, 489 (1994)).

16       In support of their argument, defendants rely on the following documents: an "Order of Default &

17   Order Reinstating Good Time Credits" ("Order of Default) in Smith v. Waddington, Grays Harbor

18   County Superior Court Cause No. 03-2-961-6 filed on July 7, 2003; and an "Amended Stipulated

19   Judgment and Order of Dismissal" ("Stipulated Judgment") in Smith v. Waddington, Grays Harbor

20   County Superior Court Cause No. 03-2-961-6 filed on May 23, 2005. (Dkt. #24-2).  Defendants have not

21   argued that these documents do not constitute extraneous material.

22       Defendants though request that the undersigned take judicial notice of the copy of the Order of

23   Default attached to their motion.  The undersigned also assumes, though no such request was specifically

24   made, that defendants are making the same request with respect to the Stipulated Judgment.  Fed. R. Civ.

25   P. 12(b) provides in relevant part:

26           If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading
             to state a claim upon which relief can be granted, matters outside the pleading are
27           presented to and not excluded by the court, the motion shall be treated as one for

28

injury statute.  In Washington, a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir 1981).

1
2

summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3

Thus, a motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary

4

judgment under Fed. R. Civ. P. 56 if either party submits materials outside the pleadings in support of or

5

opposition to the motion, and the Court relies on those materials. Fed. R. Civ. P. 12(b); See also Jackson

6

v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the

7

court relied on the extraneous matter.").

8

Failure to treat the motion as one for summary judgment would constitute reversible error. See

9

Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear,

10

Inc., 391 F.2d 81, 84-85 (9th Cir. 1968). A party that has been notified that the Court is considering

11

material beyond the pleadings has received effective notice of the conversion to summary judgment. See

12

Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985);

13

Townsend v. Columbia Operations, 667 F.2d 844, 849 (1982).

14

In general, therefore, the Court "may not consider any material beyond the pleadings" in ruling on

15

a motion to dismiss. Lee, 250 F.3d at 688 (citation omitted). The Ninth Circuit, however, has recognized

16

two exceptions to this requirement "without converting a motion to dismiss into a motion for summary

17

judgment." Id. at 689. One such exception, as noted by defendants, is that the Court "may take judicial

18

notice of 'matters of public record.'" Id. at 688 (citation omitted). On the other hand, judicial notice may

19

not be taken of facts that are "subject to reasonable dispute." Id. at 689 (citing Federal Rule of Evidence

20

201(b)). In other words, the Court may only "take judicial notice of *undisputed* matters of public record."

21

Id. at 690 (emphasis in original).

22

Of particular relevance to the matter at hand, furthermore, the Ninth Circuit expressly has limited

23

the authority courts have in taking judicial notice of court proceedings:

24
25

On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.

26
27
28

Id. Thus, in this case, the undersigned may, and does, take judicial notice of the fact that the Order of

Default and Stipulated Judgment were issued by the Grays Harbor Superior Court on July 7, 2003, and

May 23, 2005, respectively. It is not clear, however, that the Court has the power to find as a matter of

public record, as defendants would have it do, that the Order of Default in fact granted the relief plaintiff sought in his state *habeas corpus* proceeding or that the Stipulated Judgment is merely ancillary thereto or to the underlying due process rights claim in general.

On the other hand, reliance on the Order of Default and Stipulated Agreement is not necessary to find plaintiff's claim is barred by the three-year statute of limitations.  This is because, as noted above, "federal law determines when the limitations period begins to run," and "the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Trotter</u>, 704 F.2d at 1143.  But the date the Order of Default was issued was not the date plaintiff knew or had reason to know that his due process rights had been violated.  Rather, plaintiff knew of such injury either at the time the administrative hearings process was improperly conducted, or, at the very latest, at the time he filed his state *habeas corpus* petition with respect thereto.

Plaintiff alleges in his complaint that on or about May 15, 2002, he was "placed in segregation for punishment of serious infractions not yet served." (Dkt. #8, Attachment B-1).  He further alleges he was transferred to another prison one week later "for long term punishment for the serious infractions not yet served." <u>Id.</u>  Plaintiff claims he then was served with notice of the serious infractions approximately four months later. <u>Id.</u>  Approximately two weeks after service of that notice, plaintiff claims an administrative hearing for the serious infractions was held, at which he was not allowed to call witnesses or present any documentary evidence. <u>Id.</u>

According to plaintiff, at some point thereafter, he was found guilty of the serious infractions. <u>Id.</u>, Attachment B-2.  Plaintiff claims he appealed the guilty determination, which was upheld, although again he provides no specific dates for that determination and subsequent appeals and findings. <u>Id.</u>  Plaintiff also gives no date for the filing of his state *habeas corpus* petition challenging these actions. <u>Id.</u>  Nevertheless, even accepting as true plaintiff's contention that the Order of Default is not a "judgment" for purposes of the running of the statute of limitations, it is clear that he knew or had reason to know of the constitutional injury of which he complains by no later than July 7, 2003, the date of its issue.

Taking, the placement in segregation, the receipt of notice of the serious infractions, or the alleged improperly held administrative hearing as the date he knew or should have known of the injury, plaintiff first became aware thereof as early as mid-May 2002, and no later than four and a half months or so later,

1   or at or around the beginning of October 2002.  Even taking the date of the guilty determination or results

2   of the administrative hearing appeals process as the beginning point, plaintiff still knew or should have

3   known of the injury of which he complains more than three years prior to filing the present action.  That

4   is because it cannot be disputed plaintiff, at the very least, was aware of the potential constitutional

5   violation when he filed his state *habeas corpus* petition challenging defendants' actions, which had to be

6   filed prior to the issuance of the Order of Default on July 7, 2003.

7                                           <u>CONCLUSION</u>

8           For the aforementioned reasons, the undersigned recommends that the Court GRANT

9   defendants' motion to dismiss plaintiff's complaint.[2] (Dkt. #24).  Plaintiff claims, as discussed above, are

10  barred by the three-year statute of limitations.

11          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

12  parties shall have ten (10) days from service of this Report and Recommendation to file written

13  objections thereto.  <u>See also</u> Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

14  objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit

15  imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 5,**

16  **2007**, as noted in the caption.

17          DATED this 7th day of September, 2007.

18

19

20                                          Karen L. Strombom
                                            United States Magistrate Judge
21

22

23

24

25

26  ─────────────────────

27      [2]While in general before it "may dismiss a *pro se* complaint for failure to state a claim, the Court "must provide the *pro
    se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal," the
28  Court does not err in denying leave to amend, where amendment would be futile or the amended complaint would be subject to
    dismissal <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992); <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).  Here,
    amendment would be futile given that the three-year statute of limitations already has run.

REPORT AND RECOMMENDATION
Page - 6